IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL SALVAGGI, | Civil No. 3:21-cv-647 |
| Plaintiff | (Judge Mariani) |
| v. | |
| MR. BROWN, *et al.* | |
| Defendants | |

## MEMORANDUM

Plaintiff Michael Salvaggi ("Salvaggi"), a former inmate[1] confined at the State Correctional Institution, Dallas, Pennsylvania ("SCI-Dallas"), commenced this civil rights action in the Court of Common Pleas of Luzerne County. (Doc. 1-1). The action was subsequently removed to the United States District Court for the Middle District of Pennsylvania. (Doc. 1). Named as Defendants are the Maintenance Department and Safety Manager Brown. (Doc. 1-1). Presently before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 8). For the reasons set forth below, the Court will grant the motion.

## I. Background

Salvaggi alleges that the toilet in his cell contained "feces and urine," and there was a crack in the ceiling which caused pieces of the ceiling to fall to the floor. (Doc. 1-1, pp. 4-

---

[1] Salvaggi has been released from custody. *See* Victim Information and Notification Everyday portal ("VINELink"), https://vinelink.com/#/search (last accessed October 15, 2021),

5). Salvaggi asserts that Defendant Brown visited his cell and was made aware of these conditions. (*Id.* at p. 10). Defendant Brown reported the issues to the Maintenance Department. (*Id.*). Approximately thirty days later, on June 17, 2020, Defendant Brown returned to Salvaggi's cell to check if the problems were fixed. (*Id.*). During this visit, Defendant Brown noticed that the crack in the ceiling had worsened. (*Id.*). As a result, Defendant Brown closed the cell for maintenance and moved Salvaggi to a different cell. (*Id.*). For relief, Salvaggi seeks a monetary damages. (*Id.* at pp. 7-8).

Defendants move to dismiss the complaint on two grounds: (1) the Maintenance Department is not considered a "person" under § 1983; and (2) Salvaggi failed to state a claim under the Eighth Amendment. (Docs. 8, 11).

## II. <u>Legal Standard</u>

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words,

"[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted).  A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint:  First, the court must take note of the elements a plaintiff must plead to state a claim.  Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).  This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## III.   **Discussion**

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Claims against the Maintenance Department

The Maintenance Department at SCI-Dallas is entitled to Eleventh Amendment immunity because it is essentially an arm of the Commonwealth, and it is also not considered a "person" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) (concluding that an individual may not sue a state in federal court under Section 1983 because a state is not a "person" under that section); *Pettaway v. SCI Albion*, 487 F. App'x 766, 768 (3d Cir. 2012) (*per curiam*) ("[A]s a state agency and the prison it administers, the Department of Corrections and SCI-Albion are not 'persons' and thus cannot be sued under 42 U.S.C. § 1983."). Accordingly, the complaint does not state a claim against the Maintenance Department because it is not amenable to suit under § 1983. The Court will grant Defendants' motion to dismiss the Maintenance Department from this action.

### B. Eighth Amendment Claim

Salvaggi alleges that the toilet in his cell contained urine and feces and there was a crack in the cell ceiling, in violation of his Eighth Amendment rights. (Doc. 1-1). Viewing the allegations in the light most favorable to Salvaggi, the Court does not believe that he has established a deprivation that society would be unwilling to tolerate.

The Eighth Amendment's prohibition of cruel and unusual punishment imposes duties on prison officials to provide prisoners with the basic necessities of life, such as food, clothing, shelter, sanitation, medical care, and personal safety. *See Farmer v. Brennan*,

5

511 U.S. 825, 832 (1994); *Helling v. McKinney*, 509 U.S. 25, 31 (1993). It is well-settled that prison conditions constitute cruel and unusual punishment if they result in serious deprivations of basic human needs. *See Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410 (3d Cir. 2000). A condition of confinement implicates the Eighth Amendment if it is so reprehensible as to be deemed inhumane under contemporary standards or deprives an inmate of minimal civilized measures of the necessities of life. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). However, the Eighth Amendment does not mandate that prisons be free of discomfort. *Farmer*, 511 U.S. at 833 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)). Under *Farmer*, an inmate must show that a prison official actually knew or was aware of a substantial risk to inmate safety and deliberately disregarded that risk. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001). This requirement of actual knowledge means that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

The length of the inmate's exposure to the alleged unconstitutional conditions and the totality of the circumstances must be considered when making a determination as to cruel and unusual punishment. *See Nami v. Fauver*, 82 F.3d 63, 67 (3d Cir. 1996); *see also Wilson*, 501 U.S. at 305. A prisoner must also establish a specific deprivation of a single, identifiable necessity. *Wilson*, 501 U.S. at 304-05.

Salvaggi complains that there were feces and urine in his toilet, and a cracked ceiling in his cell. Salvaggi does not identify any specific health problems arising from either situation nor does he suggest that he was forced to live in squalor. Importantly, Salvaggi has not described any harm he suffered that is specifically tied to the listed conditions. Exposure to these conditions, while perhaps unideal or uncomfortable, does not rise to the level of an Eighth Amendment violation. *See Ridgeway v. Guyton*, 663 F. App'x 203, 205-06 (3d Cir. 2016) (*per curiam*) ("Although we do not doubt that the problem with the [overflowing] toilet was unpleasant, we must conclude, under the totality of the circumstances, that Ridgeway's complaint failed to allege the 'objectively, sufficiently serious' conditions of confinement necessary for a viable Eighth Amendment claim."). The Court finds that any discomfort caused by these conditions is "part of the penalty that criminal offenders pay for their offenses against society," *Farmer*, 511 U.S. at 856, and is not an extreme deprivation that constitutes a denial of "the minimal civilized measures of life's necessities." *Hudson*, 503 U.S. at 9. As stated above, the Constitution "does not mandate comfortable prisons." *Rhodes*, 452 U.S. at 349. Even viewing the complaint in the light most favorable to Salvaggi, he has not alleged any actual harm caused by the conditions discussed above. Salvaggi has not demonstrated the existence of a serious constitutional deprivation redressable under *Farmer*.

Furthermore, the only allegation as to Defendant Brown's state of mind is that he was "aware" of the conditions in Salvaggi's cell. When Defendant Brown initially visited

7

Salvaggi's cell, he noted the problems and reported them to the Maintenance Department. (Doc. 1-1, p. 10). Defendant Brown conducted a follow-up visit to Salvaggi's cell and observed that the ceiling crack had worsened. (*Id.*). He therefore closed the cell for maintenance and moved Salvaggi to a different cell. (*Id.*). This is insufficient to state a claim. A prison official is deliberately indifferent if the official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Chavarriaga v. New Jersey Dept. of Corr.*, 806 F.3d 210, 229 (3d Cir. 2015) (quotation omitted). Deliberate indifference may be demonstrated "by showing that the risk of harm was 'longstanding, pervasive, well-documented, or expressly noted by prison officials in the past' such that the defendants 'must have known' about the risk." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 259 (3d Cir. 2010) (quoting *Farmer*, 511 U.S. at 842-43). The allegations of the complaint and attached exhibits reveal that Defendant Brown was made aware of the cell conditions and took reasonable measures to rectify them. The Court finds that Salvaggi has not alleged sufficient facts to state a claim for relief against Defendant Brown.

## IV.    Leave to Amend

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a

complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). For the reasons set forth above, Salvaggi's claims against the Defendants are legally and factually flawed and thus incurable. Therefore, the Court concludes that curative amendment would be futile.

## V. Conclusion

Defendants' motion (Doc. 8) to dismiss will be granted. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: October ___, 2021